UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 03-CR-296

THOMAS K. VAN AHN,

        Defendant.

## ORDER

Defendant Thomas K. Van Ahn, presently serving a sentence imposed by this court for wire fraud, has filed a motion for interruption and stay of his sentence. Van Ahn seeks a furlough so that he can attend the funeral of his father-in-law and comfort his family. He asks that he be furloughed from Thursday, March 23, 2006 through Wednesday, March 29, 2006, or for such other time as the court deems appropriate. Van Ahn notes that although the prison is authorized to grant furloughs for inmates for the death of an immediate family member, they will not grant a furlough of more than twelve to fourteen hours and a father-in-law is not recognized as an immediate family member. Van Ahn notes that other district courts within the Seventh Circuit have exercised such authority in the past and submits that, given his non-violent offense and his model behavior as a prisoner, a furlough would be appropriate in this case.

Van Ahn's request for a furlough will be denied. This court certainly sympathizes with the desire of anyone incarcerated in a prison to attend the funeral of any member of their family or even a close friend. The inability to do so, however, is simply one of the many consequences of

committing a crime. The prison's policy, as described by Van Ahn, permitting brief furloughs for immediate family members reflects a recognition of the need for compassion to inmates and their families in times of need. The limitations on that policy, however, also recognize the administrative costs and burdens of responding to every such request, no matter how distant the relative or how lengthy the furlough request. The other cases cited by Van Ahn involve furloughs for funerals of grandparents or step-parents who often take the place of one's natural parents. None of the cases cited involved a furlough for a father-in-law, and while the court does not doubt Van Ahn's claim that his relationship with his father-in-law was unusually close, there must be a limit on how distant the relationship can be.

It is also the case that this court has no way of monitoring a furloughed inmate's behavior while on the outside of the institution. While Van Ahn has been, at least by his account, a model prisoner, there is no way that this court can determine whether the taste of freedom will make a voluntary return to the institution too strong a temptation to resist. Even if the inmate is inclined to return, the temptation to celebrate one's freedom before returning to the institution can too easily slip into unhealthy or destructive conduct. Given all of these factors, I conclude that the request for a furlough should be denied.

**SO ORDERED** this <u>  22nd  </u> day of March, 2006.

 s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge